Kevin K. Ryan, Esq. Plattsburgh Housing Authority Attorney
You have indicated that a tenant's seat on your housing authority's board of directors is up for election and that the spouse of a maintenance worker employed by the authority has filed as a candidate for this office. You question whether any conflicts of interest would result should this candidate be elected to the board.
You have indicated that the board is involved with employee grievance and disciplinary matters; approves wages of employees of the authority; and negotiates with employees in the development of collective bargaining agreements determining the terms and conditions of employment.
On a number of occasions we have indicated in our opinions that public officers have responsibility to exercise their official duties solely in the public interest (1984 Op Atty Gen [Inf] 122). Public officers should avoid circumstances which compromise their ability to make impartial judgments. The appearance of impropriety should be avoided in order to maintain public confidence in government. In our view, if elected, this board member should recuse herself from participating in any matter which may compromise these standards. Specifically, she should avoid participating in any matter affecting the terms and conditions of employment of her husband with the housing authority and in any other matter in which she or her husband have an interest. We believe that these situations create conflicts of interest or at least an appearance of conflicts. Further, if these conflicts would be pervasive and substantially would prevent this person from carrying out her duties as a director, she should not be a candidate for the position.
We conclude that a director of a housing authority, whose spouse is, and will continue to be, employed by the authority as a maintenance worker, should recuse herself from participating in matters affecting the terms and conditions of employment of her husband. Under certain circumstances, she should not be a candidate for this position.